104 F.3d 355
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Ruben Dario ROGERS, a/k/a Ruben Dario Rogers Joseph, a/k/a
Jose Salas, Defendant-Appellant.
 No. 96-1197.
 United States Court of Appeals, Second Circuit.
 Nov. 29, 1996.
 
 S.D.N.Y.
 AFFIRMED.
 Appearing for Appellant: MICHAEL M. MILNER, New York, N.Y.
 Appearing for Appellee: EVAN T. BARR, United States Attorney's Office, Southern District of New York, New York, NY
 Present CARDAMONE and CALABRESI, Circuit Judges, and POOLER, District Judge.*
 ORDER
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, J.), it is hereby
 
 
 1
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 2
 Ruben Dario Rogers, a/k/a Ruben Dario Rogers Joseph a/k/a Jose Salas, appeals from a judgment entered in the United States District Court for the Southern District of New York (Kaplan, J.) convicting him of one count of procuring or attempting to procure naturalization "contrary to law," in violation of 18 U.S.C. § 1425(a) and one count of making false statements in a matter relating to naturalization in violation of 18 U.S.C. § 1015(a).
 
 
 3
 In July 1990 and April 1991, in the course of attempting to become a naturalized citizen of the United States, Rogers falsely represented that he had never been arrested or convicted of any crime. Rogers, however, had, been convicted numerous times (including several narcotics convictions, as well as a federal conviction for transportation of a stolen motor vehicle).
 
 
 4
 On appeal, Rogers argues that in order to establish a violation of 18 U.S.C. §§ 1425(a) and 1015(a), the false statements must be "material," an element Rogers claims the government failed to establish. It is unnecessary for us to address the question whether the statutes require "material" false statements.
 
 
 5
 Even assuming arguendo that "materiality" is an element of the offenses charged, and adopting the standard of materiality proposed by Rogers, we would still affirm the conviction. Rogers maintains that in order to be deemed "material," the government must show that had Rogers disclosed his criminal record his application for naturalization would have been denied.
 
 
 6
 8 U.S.C. § 1427(a) requires that a person who lacks "good moral character" not be naturalized. 8 U.S.C. § 1101(f) states that no person will be deemed to be of "good moral character" if he or she is "a member of one or more of the classes of persons ... described in ... subparagraph [ ] (A) ... of section 1182(a)(2) of this title." Section 1182(a)(2)(A)(i)(II) refers to an alien convicted of a violation of any law "relating to a controlled substance." Since Rogers was convicted of crimes relating to narcotics, he would have been denied naturalization absent his false statements.
 
 
 7
 We have examined all of Rogers' other contentions on appeal and find them to be without merit.
 
 
 
 *
 The Honorable Rosemary S. Pooler of the United States District Court for the Northern District of New York, sitting by designation